UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:03-cr-00053-JAW |
| | ) | |
| DAVID SANFORD | ) | |

**STATUS ORDER**

The Court denies the Defendant's motion for reduction of sentence under Amendment 782 of the United States Sentencing Guidelines because the Guidelines calculations at his sentencing hearing would not be affected by the amendment. The Court grants the parties' joint motion to dismiss his petition under 28 U.S.C. § 2255 because the Court of Appeals had not granted his petition to be allowed to file a successive § 2255 petition.

**I.    PROCEDURAL BACKGROUND**

On August 12, 2004, the Court sentenced David Sanford to 240 months of imprisonment, five years of supervised release, and a special assessment of $400.00 for conspiracy to interfere with commerce by robbery (Hobbs Act), use of a firearm during the commission of a federal crime of violence, possession of a stolen firearm, and possession of a controlled substance with the intent to distribute. *J.* (ECF No. 129).[1] Mr. Sanford appealed his convictions and sentences to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 130). On December 28, 2005, the

---

[1] Mr. Sanford was sentenced to concurrent terms of 240 months on Counts One—Hobbs Act Robbery, Four—possession of a firearm by a felon and armed career criminal, and Five—possession of a controlled substance, and 120 months on Count Three—possession of stolen firearms. *J.* at 1-2.

First Circuit affirmed both the convictions and the sentences. *United States v. Sanford*, No. 04-2125 (1st Cir. Dec. 28, 2005) (ECF No. 146).

On April 16, 2007, Mr. Sanford filed a pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[2] *Sanford v. United States*, No. 1:07-cv-00050-JAW; *Motion to Vacate, Set Aside or Correct Sentence* (ECF No. 1). On July 20, 2007, the Court granted the Government's motion to dismiss the § 2255 petition. *Order on Def.'s Mot. to Dismiss Pl.'s Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 4).

On August 7, 2015, Mr. Sanford filed a pro se motion to reduce sentence. *Def.'s Mot. for Reduction of Sentence Based on Newly Am. Sentencing Guidelines Pursuant to 18 U.S.C. [§] 3582(c)(2) et seq.* (ECF No. 152). In his memorandum in support of his motion for reduction of sentence, Mr. Sanford contends that his 240 month sentence should be reduced under Amendment 782 of the United States Sentencing Guidelines. *Id.* Attach. 1 *Mem. of Points and Authorities to Move for Reduction of Sentence Based On Newly Am. Sentencing Guidelines Pursuant to 18 U.S.C. § 3582(c)(1)*.

Then, on August 31, 2015, Mr. Sanford filed a second § 2255 petition. *Sanford v. United States*, 1:15-cv-00367-JAW, docketed under 1:03-cr-00053-JAW, *Motion to Vacate, Set Aside or Correct Sentence* (ECF No. 153). On September 21, 2015, the Magistrate Judge granted Mr. Sanford's motion to appoint counsel. *Order Appointing Counsel* (ECF No. 155). On October 2, 2015, the Magistrate Judge granted Mr.

---

[2] For all references to Mr. Sanford's first § 2255 petition refer to Civil Docket No. 1:07-cv-00050-JAW.

2

Sanford's motion to stay his § 2255 petition while Mr. Sanford sought permission from the First Circuit Court of Appeals to proceed with his second § 2255 petition. *Order to Stay* (ECF No. 160). On April 29, 2016, the First Circuit issued a judgment dismissing the § 2255 petition based on a voluntary dismissal by both parties. *Corrected J.*, No. 16-1073 (1st Cir. Apr. 29, 2016) (ECF No. 167). On April 29, 2016, Mr. Sanford and the Government filed a joint motion to dismiss the pending § 2255 petition on the ground that the Court of Appeals for the First Circuit had not granted Mr. Sanford's successive petition under 28 U.S.C. § 2255 and therefore this Court did not have jurisdiction to entertain his petition. *Stip. Mot. to Dismiss* (ECF No. 166).

## II.   DISCUSSION

The Court turns first to Mr. Sanford's request to reduce his sentence due to the retroactive drug quantity recalculation under Amendment 782.[3] The critical question is whether the two-level reduction authorized under Amendments 782 and 788 would change Mr. Sanford's Guidelines calculation. Unfortunately for Mr. Sanford, it would not.

In making this conclusion, the Court unpacked Mr. Sanford's Guidelines calculations, which resulted in a total offense level of 32. The Court arrived at this calculation by starting with a base offense level of 24 under United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(a)(1) for a violation of 18 U.S.C. § 922(g)(1), the felon in possession charge. *Tr. of Proceedings*, *Continuation of Sentencing Proceedings*

---

[3]   Effective November 1, 2014, the United States Sentencing Commission reduced the Base Offense Levels for numerous controlled substances by two levels. United States Sentencing Commission, *Guidelines Manual*, Suppl. to App. C, Amendment 782, at 65 (Nov. 1, 2014). *See also id.*, Amendment 788, at 87 (Amendment 782 may be applied retroactively).

20:24-21:2 (ECF No. 134). The Court added the following enhancements: (1) a two-level enhancement under U.S.S.G. § 2K2.1(b)(4) because the offense involved a stolen firearm, and (2) a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) because Mr. Sanford possessed the firearm in connection with another felony offense, bringing the offense level to 30. *Id.* 21:3-10. Mr. Sanford was entitled to a two-level reduction under U.S.S.G. § 3E1.1(a), bringing the offense level down to 28. *Id.* 21:11-14. However, at the time of the sentencing hearing, Mr. Sanford was considered an armed career criminal, and the Guidelines therefore required that the offense level be increased to 34 under U.S.S.G. § 4B1.4. *Id.* 21:15-19. Reducing this offense level by two under U.S.S.G. § 3E1.1(a), the adjusted total offense level was 32. *Id.* 21:20-23. As Mr. Sanford's criminal history category was VI, the Guidelines range for imprisonment was 210 to 262 months. *Id.* 21:24-22:3. The Court's sentence of 240 months was a Guidelines sentence.

In his § 2255 petition, Mr. Sanford challenged the sentencing determination that he was an armed career criminal under *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). As part of their stipulated dismissal, the parties agreed that "Mr. Sanford is no longer subject to the Armed Career Criminal Act (the "ACCA") but that his current Career Offender sentence remains unaffected under current law." *Stip. Mot. to Dismiss* at 1. Under U.S.S.G. § 4B1.1(b)(2), the Career Offender Guidelines provision, if the maximum sentence for the offense was 25 years or more, the offense level would be fixed at 34. Here, the maximum sentence for Count Five,

4

the possession of a controlled substance offense count, was 30 years.[4] Therefore, the same offense level and Guidelines range applicable under U.S.S.G. § 4B1.4, the Armed Career Criminal Guidelines provision, would apply under his acknowledged career offender status. *See* U.S.S.G. § 4B1.1(b)(2).

None of these Guidelines calculations, whether as an Armed Career Criminal or a Career Offender, is based on drug quantity, and because Mr. Sanford's Guidelines calculations remain unaffected by Amendment 782, he is not entitled to relief. The Court DENIES Defendant's Motion for Reduction of Sentence Based on Newly Amended Sentencing Guidelines Pursuant to 18 U.S.C. [§] 3582(c)(2) et seq. (ECF No. 152).

Regarding the pending § 2255 petition, as the parties concede that the Court does not have the jurisdiction to hear the petition, the Court GRANTS the Stipulated Motion to Dismiss (ECF No. 166).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2016

---

[4] Count Five of the Superseding Indictment alleged a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) for the knowing possession with the intent to distribute oxycodone, a Schedule II controlled substance. *Superseding Indictment* (ECF No. 51). The maximum sentence for Count Five was not more than thirty years imprisonment. *Revised Agreement to Plead Guilty* at 2 (ECF No. 109).